IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MANNING K. ROUSH, Executor of the Estate of Ramona E. Roush, | : |
| | :     Case No. 2:08-cv-141 |
| Plaintiff, | |
| | :     Judge Holschuh |
| v. | |
| | :     Magistrate Judge Kemp |
| CHARLES A. STONE, | |
| | : |
| Defendant. | |
| | : |

**MEMORANDUM OPINION & ORDER**

Ramona Roush died on February 22, 2004 from complications arising from surgery performed in October of 2003.  Manning K. Roush, individually and as Executor of the Estate of Ramona Roush, filed suit against Charles A. Stone, M.D., alleging medical malpractice in connection with Dr. Stone's care and treatment of Ramona.  This Court's jurisdiction is based on diversity of citizenship.  See 28 U.S.C. § 1332.  This matter is currently before the Court on Dr. Stone's motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3).

**I.  Summary of Parties' Arguments**

Just one month before trial was scheduled to begin, Dr. Stone filed a motion to dismiss, arguing for the first time that he is statutorily immune from liability.  Ohio Revised Code § 9.86 provides immunity to state employees in civil actions arising under Ohio law for injury caused in the performance of the employee's duties unless the employee's actions were manifestly outside the scope of employment or unless the employee acted with a malicious purpose, in bad faith, or in a wanton or reckless manner.  Dr. Stone alleges that, as a volunteer faculty member at the University

of Cincinnati, who supervised the resident who performed the surgery on Ramona Roush, he falls within the definition of an "employee" entitled to statutory immunity under § 9.86.  See Ohio Revised Code § 109.36(A)(1)(a); Engel v. University of Toledo College of Medicine (2009), 184 Ohio App.3d 669, 2009-Ohio-3957, 922 N.E.2d 244.

Dr. Stone further argues that the Ohio Court of Claims has exclusive jurisdiction to determine whether state employees are entitled to statutory immunity.  See Ohio Revised Code § 2743.02(F) (giving the Ohio Court of Claims "exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code").  Dr. Stone therefore maintains that this case must be dismissed because the district court lacks subject matter jurisdiction over Plaintiff's claims.  In the alternative, Stone argues that the case should be stayed pending a determination by the Ohio Court of Claims on the question of immunity.

In response, Plaintiff argues that because statutory immunity is an affirmative defense, and because Dr. Stone failed to raise it in a timely manner, it has been waived.  In the alternative, Plaintiff denies that the Ohio Court of Claims has exclusive jurisdiction to determine the question of statutory immunity.  Finally, Plaintiff argues that even if Dr. Stone were entitled to statutory immunity, that would bar only that portion of the medical malpractice claim relating to Dr. Stone's supervision of Dr. Ben-David, the resident who performed the surgery in question.  It would not bar that portion of the claim relating to Dr. Stone's alleged negligence in his own care and treatment of Ramona Roush before and after the surgery.  See Theobald v. University of Cincinnati, 111 Ohio St.3d 541, 2006-Ohio-6208, 857 N.E.2d 573, at ¶ 16 ("A health-care practitioner who has dual status as a private practitioner and as an employee of a state medical institution is potentially immune from liability for medical malpractice only when he or she is performing duties for the state.").

**B.     Analysis**

As an initial matter, the Court notes that Plaintiff's Complaint makes no mention of Dr. Stone's status as a volunteer faculty member at the University of Cincinnati, and makes no mention of his supervision of Dr. Ben-David, the resident who performed the surgery. The Complaint merely alleges that Dr. Stone, who resides in Indiana, was a physician licensed to practice in the State of Ohio, "rendering medical and/or surgical care for remuneration to the general public at Holzer Medical Center in Gallipolis, Gallia County, Ohio." (Compl. ¶¶ 4-5). Plaintiff does not allege that Dr. Stone was a state employee, or that he acted outside the scope of his employment, or acted with malicious purpose, in bad faith, or in a wanton or reckless manner. Plaintiff simply alleges that Dr. Stone was negligent in rendering surgical and medical care to Ramona Roush.

Under these circumstances, the Court questions whether Ohio Revised Code §§ 9.86, 109.36(A)(1)(a), and 2743.02(F) have any applicability at all. However, since Plaintiff now appears to acknowledge that Dr. Stone was acting in his capacity as a volunteer faculty member of a state university in connection with at least some portion of the alleged negligence, the Court will proceed on that basis in addressing the question of statutory immunity.

In the Court's view, the threshold issue is whether Dr. Stone has waived the statutory immunity defense. If he has, there is no need for the Court of Claims or any other court to determine the merits of that defense. Because this Court finds that Dr. Stone has waived the affirmative defense of statutory immunity, there is no need to consider the other issues raised by the parties.

As a federal court exercising diversity jurisdiction, this Court is bound to apply state law to substantive issues and federal law to procedural issues. See Biegas v. Quickway Carriers, Inc., 573 F.3d 365, 374 (6th Cir. 2009) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938)). Federal Rule

of Civil Procedure 8(c)(1) provides that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense . . ."

The first question is whether statutory immunity is an affirmative defense for purposes of Rule 8(c)(1). State law governs this particular issue. See Roskam Baking Co. v. Lanham Mach. Co., 288 F.3d 895, 901 (6th Cir. 2002). In Turner v. Central Local School District, 85 Ohio St.3d 95, 706 N.E.2d 1261 (Ohio 1999), the Supreme Court of Ohio held that "[s]tatutory immunity is an affirmative defense, and if it is not raised in a timely fashion, it is waived." Id. at 97, 706 N.E.2d at 1263. Although Turner dealt with Ohio Revised Code Chapter 2744, governing tort liability for political subdivisions and their employees, the same reasoning applies to Ohio Revised Code § 9.86, governing tort liability of state employees.

The question of whether Dr. Stone waived the defense by failing to assert it in a timely manner is governed by federal law. See Montgomery v. Wyeth, 580 F.3d 455, 468 n.7 (6th Cir. 2009) (noting that "federal law governs procedural rules, including when waiver occurs"). The Sixth Circuit has held that a "[f]ailure to plead an affirmative defense in the first responsive pleading to a complaint generally results in a waiver of that defense." Horton v. Potter, 369 F.3d 906, 911 (6th Cir. 2004). This rule, however, is not absolute. Because the purpose of Rule 8(c) is to give notice and an opportunity to respond, "[a] defendant does not waive an affirmative defense if the defense is raised at a time when plaintiff's ability to respond is not prejudiced." R.H. Cochran & Assoc., Inc. v. Sheet Metal Workers Int'l Assoc., 335 F. App'x 516, 519 (6th Cir. 2009).

In this case, it is undisputed that Dr. Stone's Answer makes no mention of statutory immunity under § 9.86. Nor was statutory immunity raised in a dispositive motion prior to the August 1, 2009 deadline for filing such motions. Rather, Dr. Stone waited until February 12, 2010,

4

just 31 days before the March 15, 2010 trial date, to raise this affirmative defense for the first time.[1]

In his defense, Dr. Stone argues that his Answer does state that "Plaintiff's Complaint, in whole or in part, fails to state a claim against this Defendant upon which relief can be granted." (Answer ¶ 17). He maintains that this statement is broad enough to encompass the affirmative defense of statutory immunity. Dr. Stone also notes that, in his Answer, he reserved "the right to assert additional affirmative defenses if ongoing discovery reveals that such defenses are warranted." (Answer ¶ 29). Neither statement is sufficient to put Plaintiff on notice that Dr. Stone intended to assert the defense of statutory immunity.

As the First Circuit noted in Williams v. Ashland Engineering Co., Inc., 45 F.3d 588 (1st Cir. 1995), abrogated on other grounds by Carpenters Local Union No. 26 v. U.S. Fidelity & Guar. Co., 215 F.3d 136 (1st Cir. 2000), "[t]he purpose of Rule 8(c) is to give the court and the other parties fair warning that a particular line of defense will be pursued. Hence, a defendant who fails to assert an affirmative defense at all, or who asserts it in a largely uninformative way, acts at his peril." Id. at 593 (internal citations omitted). The court went on to hold that "[i]n determining whether general, non-specific language in a defendant's answer . . . suffices to preserve an affirmative defense, an inquiring court must examine the totality of the circumstances and make a practical, commonsense assessment about whether Rule 8(c)'s core purpose – to act as a safeguard against surprise and unfair prejudice – has been vindicated." Id. See also Picture Me Press, LLC v. CPI Images, LLC, No. 5:08cv32, 2009 WL 2507953, at *1 (N.D. Ohio Aug. 11, 2009) (holding that the "spirit" of Rule 8(c)

---

[1] Plaintiff also notes that Dr. Stone did not raise statutory immunity as an affirmative defense in the state court suit filed more than five years ago.

was not satisfied by asserting "general defenses").

Dr. Stone's general allegation that Plaintiff has "failed to state a claim upon which relief can be granted" does not adequately put Plaintiff on notice that Dr. Stone plans to argue that he is statutorily immune from liability. As to Dr. Stone's reservation of rights to assert additional defenses as they become known, the question is whether Dr. Stone asserted those additional defenses in a timely fashion to avoid prejudice to Plaintiff. Again, the record indicates that Dr. Stone never sought leave to amend his Answer to include the statutory immunity defense. Rather, he waited until 31 days prior to trial to raise the issue. At this point, the prejudice to Plaintiff, who has already waited more than two years to try this case and has expended a great deal of time and money in preparing for trial, cannot be seriously disputed. See Picture Me Press, 2009 WL 2507953, at *5 (finding that defendant waived affirmative defense of *res judicata*, a "pure legal issue," by waiting to raise it "until nearly all of discovery was complete and trial was looming").

For the same reasons, the Court rejects Dr. Stone's argument that he should now be permitted to amend his Answer to assert the affirmative defense of statutory immunity. Federal Rule of Civil Procedure 15(a)(2) provides that the court should freely grant leave to amend pleadings "when justice so requires." However, a motion for leave to amend may be denied where there is undue delay or undue prejudice to the opposing party. See Foman v. Davis, 371 U.S. 178, 182 (1962).

Dr. Stone offers no reason for waiting until one month before trial to assert this new defense, other than stating that the law concerning the availability of statutory immunity for volunteer faculty members at state medical schools was clarified when the Tenth District Court of Appeals issued its decision in Engel. However, Engel was decided in August of 2009, and Dr. Stone offers no explanation for why he waited until February of 2010 to assert the defense of statutory immunity,

knowing that the trial date was fast approaching. The Court finds that this constitutes undue delay. See McNett v. Hardin County Fed. Credit Union, No. 3:02cv7576, 2006 WL 2473000, at *1 (N.D. Ohio Aug. 24, 2006) (holding that waiting until 10 days before trial to request leave to assert a new affirmative defense was "certainly untimely"); United States v. Midwest Suspension and Brake, 49 F.3d 1197, 1202 (6th Cir. 1995) (holding that district court did not abuse its discretion in denying defendant's motion for leave to amend its answer where motion was filed one month before the beginning of trial and 18 months after discovery was completed). In addition, as discussed earlier, Plaintiff would be unduly prejudiced if Dr. Stone were permitted to assert this new defense on the eve of trial. Therefore, the Court will not permit Dr. Stone to amend his Answer.

Dr. Stone makes one additional argument that merits a brief discussion. He notes that in Rosenshine v. Medical College Hospitals (2005), 165 Ohio App.3d 9, 2005-Ohio-5648, 844 N.E.2d 864, the Tenth District Court of Appeals held that a doctor had not waived his claim for statutory immunity under § 9.86 by failing to assert it in a timely manner. The court stated, with little or no discussion, that "because claiming personal immunity pursuant to R.C. 9.86 in the court of common pleas is tantamount to alleging a lack of subject-matter jurisdiction, the issue was not waived." Id. at ¶ 19. As Dr. Stone notes, the issue of subject matter jurisdiction may be raised at any time and, if subject matter jurisdiction is found to be lacking, the action must be dismissed. See Fed. R. Civ. P. 12(h)(3).

Although Rosenshine appears to be on point, the case is not dispositive. First, the question of whether Dr. Stone waived the affirmative defense of statutory immunity is governed by federal rather than state law. Therefore, this Court is not bound by that state court ruling. Moreover, with all due respect to the Tenth District Court of Appeals, this Court disagrees with the holding in

Rosenshine. As noted earlier, the threshold issue is whether the defendant has waived the affirmative defense of statutory immunity by failing to assert it in a timely manner. If the defense has been waived, the inquiry stops there. The question of which court has subject matter jurisdiction to determine the merits of the defense need not be addressed.

In this case, Dr. Stone simply waited too long to raise the affirmative defense of statutory immunity. He offers no reasonable explanation for waiting until the eve of trial to assert this defense and does not dispute that Plaintiff would be unduly prejudiced if he were permitted to amend his Answer at this late date. The Court therefore finds that Dr. Stone has waived his right to pursue the affirmative defense of statutory immunity.

For the reasons stated above, the Court **DENIES** Dr. Stone's motion to dismiss. (Doc. 24). A Final Pretrial Conference will be held on September 10, 2010 at 10:00 a.m. A Conference Prior to Trial will be held on October 4, 2010 at 10:00 a.m. and Trial will commence on October 4, 2010 at 1:00 p.m.

**IT IS SO ORDERED.**


Date: August 2, 2010                             **/s/ John D. Holschuh**
                                                 John D. Holschuh, Judge
                                                 United States District Court